## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM T. HARRINGTON, III,** *et. al.,* **and
all others similarly situated,**

         **Plaintiff(s),**

    **vs.**                                        **CIVIL NO.01-531 LH/WDS**

**CITY OF ALBUQUERQUE,** *et. al.*,

         **Defendant(s).**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiffs' Motion to Compel Deposition Testimony of AFSCME Associate General Counsel Robert Lenhard (Doc.87).  The case concerns the issuance of a 1999 Fair Share notice which was to advise nonmembers of the collective bargaining unit of their pro rata share of union expenses incurred representing them.  It is conceded that the notice contained an erroneous calculation of those expenses.   At a deposition on March 6, 2003, AFSCME's general counsel, Mr  Robert Lenhard, was asked a series of questions that concerned the basis for, the preparation of, and the delay in the distribution of the revised "fair share" notice to nonmembers of Defendant AFSCME Local 624's bargaining unit.  Questions were also posed as to the preparation of future notices.  On the advice of counsel Mr. Lenhard refused to answer the questions asserting attorney-client privilege and work product doctrine.

This case is related to <u>Wessel, et al., v. City of Albuquerque, et al.,</u> No. CV-00-65 LH/KBM-ACE and this motion is similar to a motion to compel production of documents decided in that case by Magistrate Judge Kay of the U.S. District Court, District of Columbia.  In that case, which among

other things challenged the lawfulness and implementation of the "fair share" requirement at issue in this case, Defendant was required to produce certain documents which were prepared by Defendants after objections were filed to the original "fair share" notice.  In connection with the <u>Wessel</u> case the revised notice was sent out.   It is Defendants' position that, consistent with Judge Kay's order in <u>Wessel</u>, Mr. Lenhard answered questions at his deposition concerning his knowledge and involvement in the filing of the 1999 Notice and with respect to the administration of the nonmembers' objections to the 1999 "fair share" notice.  Defendants' maintain that after the filing of the <u>Wessel</u> lawsuit all of his information and activities were gained or generated in his role as an attorney for AFSCME in defending the litigation.   Thus, they are protected under attorney-client privilege and work product doctrine.  Plaintiffs argue that the crime-fraud exception or the fiduciary-beneficiary exception to the attorney-client privilege and work product doctrine applies since the preparation of the "fair share" notice at issue in the case was a required fiduciary obligation that the union had to the nonmembers who were beneficiaries of the notice.   Judge Kay found that the fiduciary-beneficiary exception applied and forced production of certain pre-litigation documents.  The issue before this court is whether discovery can be had on matters which occurred after the filing of the <u>Wessel</u> lawsuit.

Like Judge Kay, I find that Plaintiffs provide an insufficient showing to support the crime-fraud exception.  I do, however, find that the fiduciary-beneficiary exception applies.  The distinction to be made under this exception, generally, is whether the activity of the attorney was concerned with the administration of a required activity on behalf of the beneficiaries or whether the activity of the attorney was concerned with protecting the fiduciaries from personal liability.  See <u>United States v. Mett,</u> 178 F.3d 1058 (9th Cir. 1999).   If it is the former, the attorney-client privilege cannot be asserted as against the beneficiaries.  If it is the latter, the attorney-client privilege can be asserted.  In this case the issue appears to be whether the activities of Mr. Lenhard in correcting the notice and

dealing with future notices is controlled by the fact and timing of litigation or by the nature of the task being performed.  The fact that a lawsuit is filed does not relieve the Defendants of performing their fiduciary duties toward the nonmembers.   In the Court's opinion Defendants had a fiduciary duty to issue a correct "fair share" notice.  If there was an error in the first notice then they had a duty to issue a correction.  The activities of Defendants in performing those duties  is discoverable, as would be questions about possible future notices.  There has been no contention here that Plaintiffs are seeking information about the handling of the litigation, nor should this decision be taken as allowing discovery into that area..  The scope of the questions that must be answered  are limited to the basis for, preparation of, and delay in distributing the revised "fair share" notice.  Also allowed will be questions relating to any potential future notices.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Deposition Testimony of AFSCME Associate General Counsel Robert Lenhard (Doc.87) is granted.  This motion concerned a good faith discovery dispute and the parties shall bear their own costs and fees.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**