IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM T. HARRINGTON, III, *et al.*,

    Plaintiffs,

vs.                                                                                         No. CIV 01-0531 LH/WDS-ACE

CITY OF ALBUQUERQUE, *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Union Defendants' Objections to the Magistrate Judge's Memorandum Opinion and Order (Docket No. 112). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the objections are **not well taken** and should be **overruled**.

Facts

The Plaintiffs in this class action litigation regarding the collection of "fair share" fees from non-members of the Defendant union took the deposition of Defendant AFSCME's Associate General Counsel Robert D. Lenhard. Mr. Lenhard appeared, but, upon the advice of counsel, refused to answer several questions, claiming the attorney-client privilege and work product doctrine. The questions related to the basis for, preparation of, and delay in issuing a revised "fair share" notice to nonmembers of the union as well as possible future notices.

The Plaintiffs filed a motion to compel Mr. Lenhard's deposition testimony, which United States Magistrate Judge Schneider granted. Mem. Op. and Order (Docket No. 100), filed June 11, 2003. The Union Defendants filed a motion to reconsider the Magistrate Judge's order, which was denied. Order Denying Mot. For Recons. (Docket No. 126), filed September 25, 2003. They also timely filed objections to the Memorandum Opinion and Order in this Court. Union Defs' Objections to the Magistrate Judge's Mem. Op. and Order (Docket No. 112), filed June 26, 2003.

Standard of Review

"Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order....The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

" ' The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues.' R. Marcus & E. Sherman, COMPLEX LITIGATION at 643 (1985). In this regard, the reviewing court must affirm the magistrate unless, after reviewing all of the evidence, it 'is left with the definite and firm conviction that a mistake has been committed.' *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948))." *Weekoty v. United States*, 30 F.Supp.2d 1343, 1343 (D.N.M. 1998).

"When reviewing a question of law, however, the standard is *de novo. See* 14 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 74App.09 (3rd ed. 1998) (stating that the 'standard of review remains constant regardless of whether the appeal is to the district court or to the court of appeals') (footnotes omitted); 19 MOORE'S FEDERAL PRACTICE §

206.04[1] (noting that a lower court's 'conclusions on questions of the application, interpretation and construction of law in civil and criminal cases are reviewed *de novo* on appeal'). This Court, therefore, owes no deference to the magistrate's legal conclusions and it may substitute its own judgment on questions of law. *Id.*" *Weekoty*, 30 F.Supp.2d at 1343.

Discussion

The Magistrate Judge found that "[t]he fact that a lawsuit is filed does not relieve the Defendants of performing their fiduciary duties toward the nonmembers. In the Court's opinion Defendants had a fiduciary duty to issue a correct 'fair share' notice. If there was an error in the first notice then they had a duty to issue a correction. The activities of Defendants in performing those duties is discoverable, as would be questions about possible future notices." Mem. Op. and Order (Docket No. 100) at 3.

This conclusion is a legal one this Court reviews *de novo*. *Weekoty*, 30 F.Supp.2d at 1343. Judge Schneider's application of the law is precisely correct. There is no dispute that the Defendants owed the Plaintiffs a fiduciary duty. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 74-75 (1991). The union's duty includes a constitutional obligation to provide its non-members with notice of the "fair share" fees to be collected sufficient allow the non-members to "make their own judgment about whether to challenge that union's determination." *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1193-94 (10th Cir. 2002).

The Defendants, however, take issue with the Magistrate Judge's factual conclusions, namely Mr. Lenhard's role in the union's issuance of "fair share" notices and conduct of this and the related *Wessel* litigation. The Defendants concede that their position "is not based on any debatable proposition of *law*, but on undisputed statements of *fact* concerning Mr. Lenhard's

activities." Union Defs' Objections to the Magistrate Judge's Mem. Op. and Order (Docket No. 112) at 9. Thus, the Defendants' objections cannot be sustained unless the Court finds that Judge Schneider's findings were clearly erroneous.

The Defendants assert that "the knowledge of Mr. Lenhard with respect to the questions as to which the privilege was asserted...was generated solely by Mr. Lenhard's activities in providing legal advice in the defense of the Wessel/Harrington litigation." *Id.* However, the Plaintiffs only sought information that pertained to their fiduciary duty to issue a legally adequate fair share notice. Pls' Mot. to Compel (docket No. 87) at 1-2, Ex. 1. Mr. Lenhard's knowledge in this regard was derived prior to and distinct from any activity designed either to protect the union from litigation or defend the union in *Wessel* or the present suit. The Defendants were obligated to issue a legally adequate notice to the non-members, and when they failed to do so, to issue a corrected notice. They were at all times required to issue satisfactory notices in the future. These responsibilities existed entirely independent of the Plaintiffs' lawsuits, which in no way alter the Defendants' fiduciary obligations.

Moreover, the union will not be permitted to refuse to answer questions about its failure to meet its constitutionally required fiduciary responsibilities simply because the beneficiaries of that fiduciary relationship were forced to result to litigation to enforce it. As Judge Schneider correctly found, the timing of the litigation in no way impacts the existence of the fiduciary relationship or the requirements thereof. The information the Plaintiffs seek is discoverable under the fiduciary exception to the attorney-client privilege.

**IT IS, THEREFORE, ORDERED** that the Defendants' Objections to the Magistrate Judge's Memorandum Opinion and Order are **overruled**.

**IT IS FURTHER ORDERED** that the witness, AFSCME General Counsel Robert Lenhard, shall answer any questions regarding the basis for, preparation of, and delay in distributing the revised "fair share" notice or any potential future notices.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**