IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM T. HARRINGTON, III, *et al.*,
and all others similarly situated,

      Plaintiffs,

  vs.                                              No. CIV 01-0531 LH/WDS-ACE

CITY OF ALBUQUERQUE, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Partial Summary Judgment (Docket No. 93) and on the Defendants' Motion for Summary Judgment (Docket No. 97). The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that each of the motions is **well taken in part** and should be **granted in part and denied in part**.

I. Background

This suit arises out of the same facts as *Wessel, et al., v. City of Albuquerque, et al.*, No. CIV 00-0065 LH//KBM-ACE, which are reported in the Court's Memorandum Opinion and Order in that case and at *Wessel v. City of Albuquerque*, 299 F.3d 1186 (10th Cir. 2002), and will not be repeated here. This Court's resolution of the parties' cross-motions for summary judgment finally disposed

of the *Wessel* suit, and the parties appealed. The United States Court of Appeals for the Tenth Circuit affirmed this Court in part, reversed in part, and remanded for further proceedings. *Id.* at 1196, 1199. The Plaintiffs moved for partial summary judgment on remand in *Wessel*. Pls.' Mot. for Partial Summ. J. on Remand (Docket No. 142 in No. CIV 00-0065 LH/KBM-ACE). The Court's opinion deciding that motion and the issue remanded for further proceedings will be rendered along with this opinion.

The present suit involves many of the same claims made against many of the same defendants as did *Wessel*. Unlike that case, this suit includes class action allegations. This Court granted the Plaintiffs' motion for class certification on June 30, 2004. Mem. Op. and Order (Docket No. 133). The Plaintiffs in this case have moved for partial summary judgment on the second and fifth claims for relief in their complaint, which they argue were resolved in their favor in *Wessel*. The Defendants have moved for summary judgment on all of the Plaintiffs' claims, though they concede that the Plaintiffs are entitled to the relief of which the Court of Appeals approved in *Wessel*.

## II. Issue 2: Fair Share Notice Deficiencies

The Plaintiffs claimed that the union's original notice of the fair share fees to be deducted from non-members was deficient in several respects. Non-members must be given "sufficient information to gauge the propriety of the union's fee" so that they may object to the fee if they consider it improper. *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 306 (1986). The union in this case collected the fair share fees without including verification by an independent auditor in the notice. In *Wessel*, the Defendants admitted that the notice was insufficient, both because it contained mathematical errors and because it did not properly indicate what portion of the

fees went to each level of the union, but did not stipulate that it was also legally deficient in failing to include an auditor's verification. This Court granted the Plaintiffs' motion for summary judgment on this issue, finding that the Plaintiffs' constitutional rights had been violated and awarded nominal damages in the amount of one dollar. Mem. Op. and Order (Docket No. 116 in No. CIV 00-0065 LH/KBM-ACE), filed April 27, 2001.

The Plaintiffs nonetheless appealed, arguing that "the notice was further deficient because it did not include the full audit or the auditor's notes." *Wessel*, 299 F.3d at 1193. The Court of Appeals held that "Hudson clearly requires 'verification by an independent auditor,'" *id.* at 1193, *quoting Hudson*, 475 U.S. at 307, and that "Hudson contemplates, in the notice, 'a report expressing the auditor's opinion on the schedule.'" *Id.* at 1194. However, the Tenth Circuit found that "[b]ecause the Union already issued a revised notice including the auditor's materials and because the district court correctly awarded nominal damages to nonmembers based on the deficiencies in the notice, we hold that the nonmembers are entitled to no further relief." *Id.*

The parties in this case have each moved for summary judgment on this issue. The Defendants request that the relief be the same as awarded in *Wessel*, arguing as they did there, that the language of the Tenth Circuit's opinion precludes any relief beyond that affirmed by the Court of Appeals. The Plaintiffs have requested a judgment declaring that the original notice violated their constitutional rights both because it did not explain the allocation of dues and fees among the three levels of the union and because it did not include an independent auditor's report. The Plaintiffs' motion also seeks nominal damages for the constitutional violation.

The Defendants fail to consider that the Court of Appeals held that the *Wessel* plaintiffs were entitled to no further relief. Those plaintiffs had received a declaratory judgment that their

-3-

constitutional rights had been violated, nominal damages, and a revised notice meeting the constitutional requirements of *Hudson*. The revised notice was also issued to the Plaintiffs in this case, but they have not received damages or a declaratory judgment that their constitutional rights were violated. Furthermore, as they were not parties to the *Wessel* suit, the Court of Appeals did not foreclose the additional relief they now seek.

The Defendants also argue that an additional declaratory judgment is inappropriate because they have "already changed or [are] in the process of changing [their] policies," citing *Bldg. and Const. Trades Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1492 (10th Cir. 1993). They also contend that, as the Court of Appeals noted in *Wessel*, "the Union...committed itself to include the required information in future notices." 299 F.3d at 1194. The union's commitment gives this Court no particular comfort regarding how it will behave in the future. The union was already required by law to include in its notice an auditor's verification and the amount distributed to each level of the union when it issued its original fair share notice. *Hudson*, 475 U.S. at 307. If an opinion of the Supreme Court of the United States did not compel the union to act lawfully, why should this Court believe that an opinion of the Court of Appeals will do so?

The simple fact of the matter is that the union's original notice did not include the information it was required by law to include. Because the notice did not indicate which portion of dues and fees was allocated to each of the three levels of the union and did not include the verification of an independent auditor, the Plaintiffs' constitutional rights were violated. Their motion for a partial summary judgment to that effect is granted. To the extent that the Defendant's motion for summary judgment on the Plaintiffs' second claim for relief requests the same declaratory judgment, it too is granted. In all other respects, it is denied.

The Plaintiffs have also sought a partial summary judgment awarding nominal damages for each named Plaintiff and each class member. As this Court found in *Wessel*, nominal damages are appropriate to compensate the Plaintiffs for the violation of their constitutional rights. *Wessel*, 299 F.3d at 1194. The Defendants concede that the named Plaintiffs are entitled to nominal damages, but, having opposed the Plaintiffs' motion for class certification, oppose awarding damages to each class member. However, this Court granted the Plaintiffs' motion for class certification pursuant to FED. R. CIV. P. 23(b)(3). Mem. Op. and Order (Docket No. 133). The entire class of Plaintiffs is therefore entitled to nominal damages in the amount of one dollar per person.

### III. Constitutionality of the Indemnification Agreement

The 1997 Memorandum of Understanding between the City and the union contained an indemnification clause by which the union agreed to "indemnify and hold the City harmless from any...claims involving fair share payments under this MOU." Pls.' Compl., Ex. 1 at 3. The *Wessel* plaintiffs challenged the indemnification clause as unconstitutional and void as contrary to public policy. This Court "read the indemnification clause as protecting the City from any violations by the Union and for which the City can do little, if anything, to detect and prevent," *Wessel*, 299 F.3d at 1197, and granted the Defendants' motion for summary judgment on this issue.

The Court of Appeals reversed that judgment and held that the indemnification provisions were void as contrary to public policy. *Id.* at 1199. It wrote,

> We find the district court's interpretation of the indemnification provisions to be unreasonable. There is nothing in the text of the provisions to suggest that the City is to be indemnified only for "violations by the Union...for which the City can do little, if anything, to detect and prevent." Rather the City is to be indemnified for any liability--including costs and fees--arising from any claims "involving fair share

    payments." It seems clear that this broad scope encompasses not only liability resulting from the Union's mistakes, but also from the City's failure to fulfill its own obligations.

*Id.* at 1197.

  The Plaintiffs in this case have moved for a partial summary judgment declaring that "the indemnification clauses of the 1997 Memorandum of Understanding and the 2000-2003 Agreement are void as against public policy and unenforceable." The Court of Appeals held that these clauses were void as contrary to public policy, *id.* at 1199, and the Defendants do not oppose this portion of the Plaintiffs' motion. As was the case in *Wessel*, however, the Plaintiffs seek relief that is unnecessary and redundant, having already been granted by the Court of Appeals. Moreover, because the clauses have been declared void by the Court of Appeals, the question is beyond the reach of this Court, which has no more authority to declare them void and unenforceable than to declare them valid and enforceable. The issue has been decided by the Court of Appeals. That decision is binding on this Court and these parties. The Plaintiffs' motion is moot, and will be denied as such.

  The Plaintiffs have also requested that the indemnification clauses be stricken from the 2000-2003 Collective Bargaining Agreement, and the Defendants do not oppose an order striking the clauses. The Court of Appeals held that the indemnification provisions were void, but did not order them stricken, although that follows logically from its holding. As the Defendants have conceded that the Plaintiffs are entitled to this judgment, no factual issues exist. Because the Court of Appeals declared the clause void, they should be stricken as a matter of law. The Plaintiffs' motion on this point is granted.

Finally, the Plaintiffs have sought a partial summary judgment on remand enjoining the Defendant City, pursuant to FED. R. CIV. P. 65, from accepting any indemnification from AFSCME Local 624, New Mexico AFSCME Council 18, and/or AFSCME International, and requiring the City to repay the indemnification it has already received.

The Court's discussion of this issue in its Memorandum Opinion and Order in *Wessel* (Docket No. 158 in No. CIV 00-0065 LH/KBM-ACE) applies to this issue as well, and it need not be repeated here. As in *Wessel*, the Plaintiffs satisfied the four factors necessary to an injunction. The Court of Appeals held that they succeeded on the merits of this issue. *Wessel*, 299 F.3d at 1199. The Court finds that the injunctive relief sought by the Plaintiffs is necessary to effectuate the public policy embodied in the First Amendment. The Plaintiffs' motion for partial summary judgment will therefore be granted. Any indemnification paid to the City by the union pursuant to the indemnification clause in the Memorandum of Understanding must be refunded forthwith. The City is hereby permanently enjoined from accepting future indemnification pursuant to the indemnification clause.

## IV. Plaintiffs' Third Claim for Relief

The Defendants have moved for summary judgment on the Plaintiffs' third claim for relief, which seeks a refund of those fair share fees collected from the Plaintiffs for an unlawful purpose. As the Plaintiffs correctly pointed out, this is the issue the Court of Appeals remanded with instructions that this Court hold an evidentiary hearing, which clearly makes summary adjudication inappropriate. However, the parties have since stipulated that the Court's disposition of the Plaintiffs' third claim for relief in *Wessel* should apply here as well, provided that the transcript of the

evidentiary hearing on remand and the post-hearing briefs are made a part of the record in this case as well. The Court finds that proceeding in this manner will serve the interests of time and judicial economy, and orders that the aforementioned documents be made a part of the record in this case as well.

Again, the Court's discussion of this issue in *Wessel* now applies in this case, and it need not be repeated here. *See* Mem. Op. and Order (Docket No. 158 in No. CIV 00-0065 LH/KBM-ACE). It shall suffice to reiterate that the Defendants may collect from the Plaintiffs only that amount equal to each Plaintiffs' pro rata share of costs associated with activities they prove by a preponderance of the evidence to be germane to collective-bargaining activity, to be justified by the government's vital policy interest in labor peace and avoiding free riders, and do not significantly add to the burdening of free speech that is inherent in the allowance of an agency or union shop. *Lehnert*, 500 U.S. at 519, 524.

The Defendants have failed to even address what proportion of the fees collected actually went to chargeable activities. They have instead argued that the entire fair share fee was properly collected from non-members and that pooling those fees made them chargeable in their entirety. That argument is directly contrary to the of the holding of the Court of Appeals: "We disagree with the district court's conclusion that the union did not exceed the constitutional limitations on the types of expenses properly included in a fair share fee." *Wessel*, 299 F.3d at 1196. The Defendants have failed to satisfy their burden of proof with regard to any of the fair share fees collected from the Plaintiffs. The Court must therefore require that the fair share fees be refunded to the Plaintiffs in their entirety.

## V.  Plaintiffs' Sixth Claim for Relief

The Plaintiffs seek punitive damages in an amount to be determined by a jury.  The Plaintiffs allege that the union Defendants notified the Defendant City and the Plaintiffs that the fair share fees would amount to seventy-five percent of union dues when the union knew the correct fee was only about fifty percent of union dues.  They also claim that Local 624 had waived its right to collect fair share fees from the Plaintiffs, but was given a portion of the fees collected by the national and regional unions.  The Plaintiffs argue that this was undertaken "falsely, and intentionally or in reckless or callous indifference to the federally protected rights of nonmembers," and the Plaintiffs are therefore entitled to punitive damages.

The Defendants have moved for summary judgment on this issue, claiming that the inaccurate notice was the product of mathematical errors and simple negligence.  The Defendants contend that the Plaintiffs cannot show any evil motive or intent on the Defendants' part, which they argue is required to recover punitive damages.  The Plaintiffs, however, have alleged serious transgressions on the part of union employees which, if proven, could allow a jury to find that the union intentionally violated the Plaintiffs' constitutional rights and support an award of punitive damages.  Moreover, the Plaintiffs actually contest many of the facts the Defendants allege are undisputed and material to the motion, and the Plaintiffs' contrary assertions are supported with evidence from the record.  Pls.' Opp'n to Def. Unions' Mot. for Summ. J. at 3-11.

The Plaintiffs are correct in their analysis of *Smith v. Wade*, 461 U.S. 30 (1983), and *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999).  The Plaintiffs need only show that the Defendants acted with reckless or callous indifference toward the underlying constitutional rights that their acts implicated.  The Supreme Court has clearly held that punitive damages may be permitted "when the

defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference *to the federally protected rights of others*." *Smith*, 461 U.S. at 56 (emphasis added).

The federally protected rights at issue here are the Plaintiffs' negative associational rights to be free from compulsion to contribute to political action in which they choose not to participate. Those rights are protected by the First and Fourteenth Amendments to the United States Constitution. *Lehnert*, 500 U.S. at 524; *Hudson*, 475 U.S. at 301-02. The same is true of the Plaintiffs' rights to be notified truthfully and adequately of the fair share fee to be deducted from their wages by their employer. *Hudson*, 475 U.S. at 306-07; *Wessel*, 299 F.3d at 1193-94.

For example, the Defendants state as an undisputed material fact that "the AFSCME International personnel who assisted Council 18 in processing objections and challenges to the July 1999 Notice understood that only nonmembers who submitted timely objections to the fair share fee had a right to any fair share fee reduction." Br. of Union Defs. in Supp. of Mot. for Summ. J. at 7. However, as the Plaintiffs point out, among "the AFSCME International personnel" in question was AFSCME International Associate General Counsel Robert Lenhard, who received a copy of the Fair Share Resolution.

The Fair Share Resolution permits the Defendant City to deduct a fair share fee from "*every* permanent, non-probationary employee in a recognized bargaining unit" who is not a member of the Defendant union. Pls.' Compl., Ex. 2 at 1-2 in *Wessel* (Docket No. 1 in No. CIV 00-0065 LH/KBM-ACE) (emphasis added); *Wessel*, 299 F.3d at 1192. "The fair share fee shall be an employee's proportionate share of the union's costs of negotiating and administering the collective bargaining

agreement and adjusting the grievances and disputes of bargaining unit employees." Pls.' Compl., Ex. 2 at 1-2 in *Wessel* (Docket No. 1 in No. CIV 00-0065 LH/KBM-ACE); *Wessel*, 299 F.3d at 1192.

It is indisputable, if not undisputed, that Mr. Lenhard, as the union's attorney, also knew the Plaintiffs' First Amendment rights were at stake in deducting the fair share fee. Deducting more than each Plaintiff's proportionate share of the union's costs of negotiating and administering the collective bargaining agreement and adjusting the grievances and disputes of bargaining unit employees would violate his First Amendment rights. *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 524 (1991); *Hudson*, 475 U.S. at 301-02. That is true regardless of the amount actually collected by the Defendants, so long as it exceeded each Plaintiff's fair share of the union's costs. The union's argument that collecting an excessive amount of fees may have violated the Fair Share Resolution and Memorandum of Understanding, but not the First Amendment, is therefore without merit.

Lenhard's conduct may be imputed to AFSCME International for the purposes of this punitive damages claim because he was employed in a managerial capacity and acting within the scope of his employment. *Kolstad*, 527 U.S. 542. This is therefore clearly not a case of the Defendants' "[s]imple ignorance of the applicable legal rules," *Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir. 1986), as the Defendants assert. The incorrect statements of law unsupported by precedent that are consistently advanced in their briefs notwithstanding, the Defendants were well aware of the applicable legal rules.

The Plaintiffs have also shown that AFSCME Council 18 received correspondence from AFSCME International that calculated the fair share fee at 50.08% of union dues. Pls.' Opp'n to Def. Unions' Mot. for Summ. J. at 3-4. Local 624 produced a document from its records containing the same calculation. *Id.* at 4. Each of the three levels of the union was therefore at one time in

possession of documentation that calculated the fair share fee at 50.08% of union dues if the chargeable rate for Local 624 was 0%. Each, however, participated in charging the Plaintiffs 75% of dues.

Moreover, the testimony regarding receipt of the aforementioned calculation from AFSCME International as well as the preparation and distribution of the original fair share notice was conflicting in numerous respects. *Id.* at 3-6. One employee of Council 18 testified that Council 18's president, his assistant, and Local 624's president instructed her to insert the 75% figure into the fair share notice, *id.* at 4, while they denied actively participating in preparing the notice. Credibility determinations are obviously inappropriate for summary adjudication. FED. R. CIV. P. 56(c).

Finally, the Plaintiffs have created fact issues as to whether the union officials involved in preparing and distributing the fair share notice and collecting the fair share fees took any action at all to protect the Plaintiffs' constitutional rights. "Since the agency shop itself is a significant impingement on First Amendment rights, the government and union have a responsibility to provide procedures that minimize that impingement and that facilitate a nonunion employee's ability to protect his rights." *Hudson*, 475 U.S. at 307 n.20 (internal quotation marks and citation omitted).

The Court therefore finds that the Plaintiffs have established that genuine issues of material fact remain, which require a jury to determine whether punitive damages are an appropriate remedy for the Defendants' actions. The Defendants' motion must therefore be denied as to this claim.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion for a partial summary judgment declaring that the union's original notice of the collection of fair share fees violated the Plaintiffs' constitutional rights is **granted**.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment as to the Plaintiffs' second claim for relief is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for a partial summary judgment on the issue of nominal damages is **granted**.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for a partial summary judgment declaring the indemnification clauses of the 1997 Memorandum of Understanding and the 2000-2003 Collective Bargaining Agreement void and unenforceable is **denied**.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for a partial summary judgment striking the indemnification clauses from any existing fair share or agency fee agreement is **granted**.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for a partial summary judgment enjoining the Defendant City from accepting any indemnification from AFSCME Local 624, AFSCME Council 18, and/or AFSCME International, and requiring the City to repay the indemnification it has already received, and enjoining it from including an indemnification clause in any future fair share or agency fee agreement is **granted**.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment on the Plaintiffs' third claim for relief is **denied**.

**IT IS FURTHER ORDERED** that all fair share fees the Defendants collected from the Plaintiffs during the pertinent time period be refunded to them forthwith.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment on the Plaintiffs' fifth claim for relief is **denied**.

**IT IS FURTHER ORDERED** that the Defendants' motion for summary judgment on the Plaintiffs' sixth claim for relief is **denied**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**